Karl R. Decker (ISB No. 3390)
kdecker@holdenlegal.com
D. Andrew Rawlings (ISB No. 9569)
arawlings@holdenlegal.com
HOLDEN KIDWELL HAHN & CRAPO, P.L.L.C.
1000 Riverwalk Drive, Suite 200
P.O. Box 50130
Idaho Falls, Idaho 83405
Telephone: (208) 523-0620

Scott M. Lilja (Utah Bar 4231)(pro hac vice pending)
slilja@fabianvancott.com
Nicole M. Deforge (Utah Bar 7581)(pro hac vice pending)
ndeforge@fabianvancott.com
FABIAN VANCOTT
215 South State Street, Suite 1200
Salt Lake City, Utah 84111
Telephone: (801) 531-8900
*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| BEAR CREST LIMITED LLC, an Idaho limited liability company; YELLOWSTONE BEAR WORLD INC., an Idaho corporation; VELVET RANCH LLC, an Idaho limited liability company; MICHAEL D. FERGUSON, an Idaho resident,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF IDAHO; IDAHO TRANSPORTATION DEPARTMENT, a department within the State of Idaho; MADISON COUNTY, a political subdivision of the State of Idaho,<br><br>Defendants. | **COMPLAINT AND JURY DEMAND**<br><br>Civil No. _____<br><br>Judge: _____ |

Plaintiffs Bear Crest Limited LLC, Yellowstone Bear World Inc., Velvet Ranch LLC, and Michael D. Ferguson (collectively, "Bear Crest") complain against Defendants State of Idaho, Idaho Transportation Department, and Madison County, Idaho (collectively, "Defendants"), as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Bear Crest Limited LLC is an Idaho limited liability company with its domicile in Madison County, Idaho.

2. Plaintiff Yellowstone Bear World Inc. is an Idaho corporation with its domicile in Madison County, Idaho.

3. Plaintiff Velvet Ranch LLC is an Idaho limited liability company with its domicile in Madison County, Idaho.

4. Plaintiff Michael D. Ferguson is an individual and a resident of Madison County, Idaho.

5. Defendant State of Idaho is a state of the United States of America.

6. Defendant Idaho Transportation Department is a department created pursuant to the laws of the State of Idaho.

7. Defendant Madison County, is a political subdivision of the State of Idaho.

8. This Court has jurisdiction over this matter pursuant to 42 U.S.C. §1983, 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

9. The Court has supplemental jurisdiction of the state law claims pursuant to 28 U.S.C. § 1367.

10. Venue is proper in this Court pursuant to 28 USC § 1391(b).

**GENERAL ALLEGATIONS**

11. Bear Crest owns certain real property located in Madison County, Idaho at the intersection of U.S. Highway 20 and Madison County Road 4300 West (the "Property").

12. Bear Crest operates a tourist and entertainment attraction on a portion of the Property known as Yellowstone Bear World.

13. Until recently, visitors to Yellowstone Bear World could conveniently and easily access the Property from U.S. Highway 20 via a connection (the "Intersection") at Madison County Road 4300 West ("Bear World Road").

14. The financial success of Yellowstone Bear World depended and depends on the continued existence of the Intersection.

15. The Intersection was constructed upon land formerly owned by Ross A. Gideon and Lila Mae Gideon, husband and wife (the "Gideons").

16. In November 1973, the Gideons deeded that land to the State of Idaho, by and through the Idaho Board of Highway Directors, for $1.00 by warranty deed ("Gideon Deed"). Attached Exhibit A.

17. The Gideon Deed was part of a realignment that moved the point of the Intersection north on Highway 20.

18. The Gideon Deed expressly reserved to the grantors: "Access to the County Road Connection."

19. The reservation of rights in the Gideon Deed created an easement or contract right in favor of the Property owner.

3

20. Bear Crest is the successor in interest to the Gideons with respect to the Property and all access rights and easements related thereto.

21. In 2016, Defendants converted U.S. Highway 20 into a controlled access road and, in doing so, closed the Intersection, and thereby terminated access to the county road connection from Bear World Road.

22. Access to Bear Crest's Yellowstone Bear World attraction and the Property from U.S. Highway 20 as set forth in the Gideon Deed has been taken, and otherwise substantially impaired.

23. As a direct result of the Defendants' actions, including closing of the Intersection and the substantial impairment of and unreasonable access to the Property, Bear Crest has suffered damages, including without limitation significant losses to its business and to the fair market value of its Property.

24. Bear Crest has been damaged in an amount to be proven at trial.

25. Bear Crest filed Notices of Tort Claim with the Defendants regarding the subject dispute on February 15, 2017.

## FIRST CLAIM FOR RELIEF
(Taking; Inverse Condemnation; Regulatory Taking)

26. Bear Crest incorporates by reference the allegations contained in the paragraphs above as though set forth fully herein.

27. Bear Crest owns an easement or contractual right to access to and from U.S. Highway 20 through the Intersection.

28. Bear Crest also has a right to maintain its historical access to its Property to and from U.S. Highway 20 without substantial impairment by Defendants.

29. Defendants' actions in closing the Intersection constituted a taking of Bear Crest's access easement or contract right to U.S. Highway 20 through the Intersection and a taking due to Defendants' substantial impairment of Bear Crest's access rights without providing reasonable remaining access.

30. Defendants' actions have destroyed a fundamental property right of Bear Crest, imposes substantial and significant impact and limitation on the use of the Property, and interfered with Bear Crest's reasonable investment-backed development expectations for the Property.

31. Defendants' actions constitute a taking under Article I Section 14 of the Idaho Constitution and the Fifth Amendment to the United States Constitution.

32. Bear Crest has suffered damages as a result of Defendants' actions, including without limitation, the fair market value of the easement or contract right to access to U.S. Highway 20 taken, losses to its business, loss of value in the Property, and severance damages.

33. Bear Crest is entitled to receive just compensation for the taking in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
(*Substantive Due Process: 42 U.S.C. §1983 and art. I, section 13 of the Idaho Constitution*)

34. Bear Crest incorporates by reference the allegations contained in the paragraphs above as though set forth fully herein.

35. Bear Crest has a protectable property interest in the reasonable economic use of its Property and reasonable, substantially unimpaired access to its Property.

36. Defendants had no rational basis for closing the Intersection without regard for Bear Crest's right of access, and thereby substantially impairing Bear Crest's access from its Property.

37. As a result of Defendants' actions, Bear Crest has suffered damages, including without limitation, the loss of its easement or contract right to access to U.S. Highway 20, losses to its business, and loss of value in the Property.

38. A set of conditions exist under law, the fulfillment of which gave rise to a legitimate expectation by Bear Crest that Defendants would maintain the Intersection and not substantially impair access to the Property.

39. Bear Crest took substantial actions in reliance and to its detriment on its legitimate expectations.

40. Defendants' actions were arbitrary and capricious, inconsistent with its own contractual and other legal obligations, and had no conceivable rational relationship to Defendants' legitimate interests.

41. Defendants' violation of Bear Crest's constitutional rights under the U.S. Constitution as set forth above has caused Bear Crest damages to which Bear Crest is entitled pursuant to 42 U.S.C. § 1983 and its attorney's fees incurred pursuant to 42 U.S.C. § 1988.

42. Defendants' actions also constitute a violation of Bear Crest's substantive due process rights under Art. I, section 13 of the Idaho Constitution.

43. Bear Crest has been damaged in an amount to be proven at trial.

**THIRD CLAIM FOR RELIEF**
(*Procedural Due Process: 42 U.S.C. § 1983 and the Idaho Constitution*)

44. Bear Crest incorporates by reference the allegations contained in the paragraphs above as though set forth fully herein.

45. Bear Crest had a protectable property interest in continued access to its Property via the Intersection.

46. Defendants did not have discretion to close the Intersection or to substantially impair reasonable access to the Property.

47. A set of conditions exist under law, the fulfillment of which gave rise to a legitimate expectation by Bear Crest that Defendants would maintain the Intersection and not substantially impair access to the Property.

48. Bear Crest took substantial actions in reliance and to its detriment on its legitimate expectations.

49. Defendants, by their actions and under color of state law, have deprived Bear Crest of its federal constitutional rights to procedural due process of the law.

50. Defendants, by their actions, have deprived Bear Crest of property rights without engaging fair procedures to reach a decision.

51. Defendants violated Bear Crest's rights to procedural due process by closing the Intersection and by substantially impairing access to the Property due to actions that were within the power and control of Defendants.

52. By so acting, Defendants have deprived Bear Crest of valuable property interests without any meaningful process, notice or opportunity to be heard, thus violating Bear Crest's rights to procedural due process of law.

53. Defendants' violation of Bear Crest's constitutional rights under the U.S. Constitution as set forth above has caused Bear Crest damages to which Bear Crest is entitled pursuant to 42 U.S.C. § 1983 and its attorney's fees incurred pursuant to 42 U.S.C. § 1988.

54. Defendants' actions also constitute a violation of Bear Crest's procedural due process rights under Art. I, section 13 of the Idaho Constitution.

55. As a result of Defendants' violation of Bear Crest's procedural due process rights, Bear Crest has been damaged in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF
(*Breach of Contract*)

56. Bear Crest incorporates by reference the allegations contained in the paragraphs above as though set forth fully herein.

57. The Gideon Deed constitutes a binding, enforceable contract pursuant to which Defendants agreed to the continuing right to access the Property and for the Property to access U.S. Highway 20 through the Intersection.

58. Bear Crest, through its predecessors in interest, performed all of its contractual obligations under the Gideon Deed.

59. Defendants breached their contractual obligations by closing the Intersection and depriving Bear Crest of its right of access.

60. Bear Crest has suffered damages as a result of Defendants' material breach of their contractual obligations under the Gideon Deed.

## JURY DEMAND

Pursuant to the Constitution of the United States and the State of Idaho and pursuant to Federal Rule of Civil Procedure 38, Bear Crest demands that all issues of fact, triable by and reserved to a jury be tried by a jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Bear Crest requests the following relief:

1. A Judgment that Defendants have effected a taking under the Idaho and United States Constitutions and for an award of damages to Bear Crest in an amount to be proven at trial;

2. A Judgment that Defendants' actions constitute a violation of Bear Crest's procedural and substantive due process rights and for an award of damages to Bear Crest in an amount to be proven at trial;

3. A Judgment against Defendants and in favor of Bear Crest for attorneys' fees and costs pursuant to 42 U.S.C. § 1983 and §1988; and

4. A Judgment granting such other and further relief as the Court deems just and proper.

DATED this 24th day of October, 2018.

HOLDEN KIDWELL HAHN & CRAPO

/s/
Karl R. Decker

FABIAN VANCOTT
Scott M. Lilja
Nicole M. Deforge

*Attorneys for Plaintiffs*

4839-7283-7753, v. 1

DH-351 Rev. 3-67 State of Idaho Department of Highways

**WARRANTY DEED**

F-6471(40)
Parcel No. 40            Access Rights ✓   Negative Easements ✓

THIS INDENTURE, Made this 26 day of November, 1973, between

**ROSS A. GIDEON and LILA MAE GIDEON, husband and wife**

Grantors, and the State of Idaho, by and through the Idaho Board of Highway Directors, Grantee. 3311 West State Street, Boise, Idaho  83703.

WITNESSETH: That the Grantors, for and in consideration of One and No/100ths ($1.00) Dollars, paid to them, receipt whereof is acknowledged, have granted, bargained, sold, and conveyed and by these presents do grant, bargain, sell and convey unto the Grantee, its successors and assigns forever, in fee simple, the land described in Schedule A attached hereto and made a part hereof and situated in the County of Madison, State of Idaho.

TOGETHER with all rights of access between the right of way of the said project and the remaining contiguous real property belonging to the Grantors, except for:

Access to the County Road Connection.

Grantors agree that no building or structures, except irrigation or drainage structures, will be permitted to be constructed within 20 feet of the right of way of the said project.

Grantors convey unto the Grantee the right to prohibit junkyards on any of their remaining land within 1000 feet of the right of way of the said project, and the right to prohibit advertising signs, displays and devices within 660 feet thereof; provided that advertising relating to business conducted on any of the Grantors remaining land be permitted not closer than 20 feet therefrom, but only on land utilized exclusively for said business.

TO HAVE AND TO HOLD the said premises, with their appurtenances, unto the said Grantee and its successors and assigns forever. And the Grantors do hereby covenant to and with the said Grantees, that they are the owners in fee simple of said premises; that they are free from all encumbrances and that they will warrant and defend the same from all lawful claims whatsoever.

IN WITNESS WHEREOF, Grantors have hereunto set their hands and seals the day and year first above written.

STATE OF Idaho
County of Madison        } ss.

On this 26 day of November, 1973, before me, the undersigned a Notary Public in and for said State, personally appeared

ROSS A. GIDEON and LILA MAE GIDEON, husband and wife

known to me to be the persons whose names are subscribed to the foregoing instrument, and acknowledged to me that they executed the same.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year in this certificate first above written.

(SEAL)
Notary Public for Idaho
Residing at Idaho Falls

EXHIBIT A

State of Idaho Department of Highways

Instrument No. 152291

INDEXED

WARRANTY DEED

ROSS A. GIDEON and TILA MAE GIDEON,
husband and wife

To
The State of Idaho

Dated: November 26, 1973

STATE OF IDAHO
County of Madison } ss.

I hereby certify that this instrument was filed for record at the request of

REXBURG ABSTRACT COMPANY

at _____ minutes past _____ o'clock P.M., this 23 day of April A.D. 1974, in my office and duly recorded in Book _____ at Page 152224

_____
Ex-Officio Recorder

By _____
Deputy

Return to Department of Highways,
Boise.

REXBURG ABSTRACT COMPANY

State of Idaho Department of Highways

EXHIBIT A

DH-357 3-67                                                State of Idaho Department of Highways

## SCHEDULE A

Sheet 1 of 1

Project No. F-6471(40)

Parcel No. 40

Land situated in Madison County

A parcel of land being on the Northwesterly side of the centerline of U.S. Highway Nos. 191 and 20, Project No. F-6471(40) Highway Survey as shown on the plans thereof now on file in the office of the Department of Highways of the State of Idaho, and being a portion of the S½SW¼ of Section 22 and the N½NW¼ of Section 27, Township 5 North, Range 39 East, Boise Meridian, described as follows, to-wit:

Commencing at the Northwest corner of the S½SW¼ of Section 22, Township 5 North, Range 39 East, Boise Meridian; thence Easterly along the North line of said S½SW¼ of Section 22, a distance of 2250.0 feet, more or less, to a point in a line 120.0 feet Northwesterly from the centerline and opposite Station 1170+75.41 of the Future Median Survey as shown on the plans of said U.S. Highway Nos. 191 and 20, Project No. F-6471(40) Highway Survey and being the REAL POINT OF BEGINNING; thence continuing Easterly along said North line 138.70 feet to a point in the Northwesterly right of way line of the existing U.S. Highway No. 191; thence Southwesterly along said existing Northwesterly right of way line 3042.0 feet, more or less, to the South line of the NW¼NW¼ of Section 27 of said Township 5 North, Range 39 East, Boise Meridian; thence Westerly (shown of record to be West) along said South line 95.0 feet, more or less, to a point in a line parallel with and 100.0 feet Northwesterly from the centerline and bears North 59°41'09" West from Station 1140+44.92 of said Highway Survey; thence North 30°18'51" East along said parallel line 80.08 feet to a point opposite Station 1141+25.00 of said Highway Survey; thence North 59°41'09" West - 344.0 feet to a point in the Easterly right of way line of an existing North-South County Road; thence Northerly and Northwesterly along said existing County Road 370.0 feet, more or less, to a point that bears South 64°45'51" West 19.6 feet from the centerline and opposite Station 17+60 of the County Road Crossing Survey as shown on the plans of said Highway Survey; thence North 64°45'51" East - 20.40 feet to a point in a line parallel with and 40.0 feet Northeasterly from the centerline and opposite Station 17+60 of said County Road Crossing Survey; thence South 25°14'09" East along said last parallel line 209.27 feet to a point opposite Station 15+50.73 of said County Road Crossing Survey; thence South 33°50'54" East - 131.02 feet to a point that bears North 47°32'22" East - 40.0 feet from Station 14+07.19 of said County Road Crossing Survey; thence South 51°04'24" East - 131.02 feet to a point in a line parallel with and 40.0 feet Northeasterly from the centerline and opposite Station 12+63.64 of said County Road Crossing Survey; thence South 59°41'09" East along said last parallel line 163.64 feet to a point in a line parallel with and 100.0 feet Northwesterly from the centerline and opposite Station 1142+05.00 of said Highway Survey; thence North 30°18'51" East along said last parallel line 2462.99 feet to a point opposite Station 1166+67.99 of said Future Median Survey; thence North 25°24'46" East - 400.01 feet to the REAL POINT OF BEGINNING.

U.S. Highway Nos. 191 and 20 Survey Highway Station Reference: 1140+44.92 to Future Median Survey Station 1171+26.

The area above described contains approximately 7.04 acres.

The bearings as shown in the above land description, unless otherwise noted, are from the Idaho Plane Coordinate System, based on the transverse mercator projection for the East Zone of Idaho. To convert to geodetic bearings, a correction of 0°12'42" must be added to all Northeast and Southwest bearings and subtracted from all Northwest and Southeast bearings.

EXHIBIT A