UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BEAR CREST LIMITED LLC, an Idaho limited liability company; YELLOWSTONE BEAR WORLD INC., an Idaho corporation; VELVET RANCH LLC, an Idaho limited liability company; MICHAEL D. FERGUSON, an Idaho resident,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF IDAHO; IDAHO TRANSPORATION DEPARTMENT, a department within the State of Idaho; MADISON COUNTY, a political subdivision of the State of Idaho,<br><br>Defendants. | Case No. 4:18-cv-00469-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Pending before the Court are Defendants' motions to dismiss. (Dkt. 17, 18.) This case involves a road project that Plaintiffs contend resulted in an unlawful taking of their property and a denial of their rights to due process under the Fifth and Fourteenth Amendments to the Constitution of the United States. Plaintiffs claim also breach of

contract by Defendants based on alleged violations of deed restrictions, as well as claims under the Constitution of the State of Idaho. Defendants assert the complaint should be dismissed for lack of subject matter jurisdiction and failure to state a claim under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).[1]

## BACKGROUND

### 1. Factual Background

Plaintiff Bear Crest Limited LLC owns real property located in Madison County, Idaho, at the intersection of U.S. Highway 20 and Madison County Road 4300 West (the "Property"). Bear Crest operates a tourist and entertainment attraction on a portion of the Property, known as Yellowstone Bear World. Until 2016, visitors to Yellowstone Bear World accessed the Property from U.S. Highway 20 via a connection (the "Intersection") at Madison County Road 4300 West ("Bear World Road").

The Intersection was constructed upon land formerly owned by the Gideons, who deeded the land to the State of Idaho in November of 1973 by warranty deed. The Gideon Deed was part of a realignment that moved the point of the Intersection north on Highway 20.[2] The Gideon Deed expressly reserved to the grantors: "Access to the County Road Connection." Plaintiffs claim that the reservation of rights in the Gideon

---

[1] The motions are being decided on the record before the Court without oral argument. D. Idaho L. Rule 7.1(d). At the status conference conducted on July 8, 2019, neither party requested further briefing or a hearing.

[2] The parties did not explain where the original Intersection was located. However, it appears Plaintiffs acquired the property after the realignment of the Intersection occurred, and that the Intersection's original location is not material.

**MEMORANDUM DECISION AND ORDER - 2**

Deed created an easement or contract right in favor of the owner of the Property. Bear Crest, as the successor in interest to the Gideons, owns the Property and all access rights and easements related thereto. Plaintiffs claim the financial success of Yellowstone Bear World depends upon the continued existence of the Intersection at the location set forth in the Gideon Deed.

In 2016, Defendants converted U.S. Highway 20 into a controlled access road and, in doing so, closed the Intersection and terminated access to the county road connection from Bear World Road. Plaintiffs allege that, as a result of the closure of the Intersection, access to Bear Crest's Yellowstone Bear World attraction and to the Property from U.S. Highway 20 as set forth in the Gideon Deed was taken, and was otherwise substantially impaired. Plaintiffs claim that the closure of the Intersection and the substantial impairment of and unreasonable access to the Property has caused Bear Crest to suffer damages, which include losses to its business and to the fair market value of the Property.

2. **Procedural Background**

Plaintiffs' Complaint includes four claims for relief as follows: (1) inverse condemnation under Article I Section 14 of the Idaho Constitution[3] and the Fifth Amendment to the United States Constitution; (2) violation of Plaintiffs' substantive due process rights pursuant to 42 U.S.C. § 1983 and Article I, Section 13 of the Idaho Constitution; (3) violation of Plaintiffs' procedural due process rights pursuant to 42

---

[3] Article I, Section 14 of the Idaho Constitution prohibits government taking of private property for public use without just compensation.

U.S.C. § 1983 and Article I, Section 13 of the Idaho Constitution;[4] and (4) breach of contract based upon violation of the Gideon deed restriction.

While the motions were pending, the United States Supreme Court issued its decision in *Knick v. Twp. of Scott, Pennsylvania*, 139 S. Ct. 2162, 2164 (June 21, 2019), which overruled the state litigation requirement of *Williamson Cnty. Regional Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985). As a result, the Court conducted a telephonic status conference with the parties on July 8, 2019, to discuss the impact of *Knick* upon Plaintiffs' takings claim in count one of the Complaint.[5] During that conference, Defendants conceded that, pursuant to *Knick*, they no longer have a basis upon which to request dismissal of count one of the complaint based upon *Williamson*. However, the State of Idaho and the Idaho Transportation Department reserved their assertion of immunity from suit under the Eleventh Amendment to the United States Constitution, as asserted also in their motion to dismiss. (Dkt. 17.)

Based upon the parties' representation that *Knick* controls, the Court will confine its analysis to the State Defendants' Eleventh Amendment immunity argument; Plaintiffs' due process claims and state constitutional claims; and the state law claim for breach of contract.

---

[4] Article I, Section 13 of the Idaho Constitution prohibits the government from depriving a person of life, liberty or property without due process of law.

[5] *Williamson* held that a takings claim is not ripe until the owner has unsuccessfully attempted to obtain just compensation through the procedures provided by the state. 473 U.S. at 194-95. The Supreme Court noted also that a person deprived of property through a random and unauthorized act by a state employee does not state a claim under the Fifth Amendment's due process provision, because the Fifth Amendment does not require a predeprivation process in such circumstances. *Id.* at 195.

**MEMORANDUM DECISION AND ORDER - 4**

## ANALYSIS

1. **Motion to Dismiss Standard**

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 557.

The United States Supreme Court identified two "working principles" that underlie *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, the court need not accept as true, legal conclusions that are couched as factual allegations. *Id*. Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678–79. Second, to survive a motion to dismiss, a complaint must

state a plausible claim for relief. *Id*. at 679. "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. "Dismissal under [Fed. R. Civ. P.] 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). The Court must accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

   2. **State of Idaho's Motion to Dismiss**

Plaintiffs do not appear to contest that the Eleventh Amendment bars their claims against the State of Idaho, but argue that the ITD is not shielded from suit because factual issues preclude a determination that the ITD is an arm of the state entitled to immunity under the Eleventh Amendment. The ITD argues that it is an executive department of the State of Idaho and thus immune from suit under the Eleventh Amendment.

The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Eleventh Amendment bars suits for money damages brought in federal court by a citizen against that citizen's own state. *Edelman v. Jordan*, 415 U.S. 651 (1974). The Eleventh Amendment applies to all federal claims, as well as to state law claims brought into federal court under supplemental jurisdiction. *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89 (1984). In the absence of an unequivocal

**MEMORANDUM DECISION AND ORDER - 6**

expression of consent, the Eleventh Amendment bars a suit in which the state or one of its agencies or departments is named as a defendant. *Id*. at 99, *cited in Milbouer v. Keppler*, 644 F. Supp. 201, 206 (D. Idaho 1986).

Section 1983 does not constitute a waiver of state sovereign immunity, and Idaho itself has not waived its sovereign immunity for constitutional claims. *Esquibel v. Idaho*, No. 1:11-cv-00606-BLW, 2012 WL 1410105, at *6 (D. Idaho Apr. 23, 2012) (unpublished). Moreover, only a "person" may be sued pursuant to 42 U.S.C. § 1983, and a state is not considered a "person" under the statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

According to the above authorities, Plaintiffs may not maintain either their federal claims or state law claims against the State of Idaho in this Court. *Pennhurst*, 465 U.S. 89. The State has not waived its immunity, and Plaintiffs do not contest that the Eleventh Amendment bars their claims against the State of Idaho.

Turning to the ITD, there is no need to apply the five factors in *Beentjes v. Placer Cy. Air Pollution Control Dist.*, 397 F.3d 775, 778 (9th Cir. 2005), to determine whether the ITD is an arm of the state.[6] Eleventh Amendment immunity extends to state agencies. *Leer v. Murphy*, 844 F.2d 628, 631 (9th Cir. 1988), *cited in Richardson v. Idaho Dep't of*

---

[6] The Court of Appeals for the Ninth Circuit considers the following factors in deciding whether an entity is an arm of the state, and thus protected from suit in federal court by the Eleventh Amendment: (1) whether a money judgment would be satisfied out of state funds, (2) whether the entity performs central governmental functions, (3) whether the entity may sue or be sued, (4) whether the entity has the power to take property in its own name or only the name of the state, and (5) the corporate status of the entity. *Beentjes*, 397 F.3d at 778.

**MEMORANDUM DECISION AND ORDER - 7**

*Health & Welfare*, No. 2:10-CV-00648-BLW, 2012 WL 667874, at *1 (D. Idaho Feb. 10, 2012).

Idaho Code § 40-501 provides that: "An Idaho transportation department is established, and for the purposes of section 20, article IV of the constitution of the state of Idaho, is an executive department of state government. The department shall have as its head the Idaho transportation board, established by chapter 3, title 40, Idaho Code." Idaho Code § 67-5201(2) defines an agency for purposes of the Idaho Administrative Procedure Act as a state board, commission, or department. The Idaho Supreme Court considers the Department of Highways to be an administrative department of the state government. *Bare v. Dep't of Highways*, 401 P.2d 552, 554 (1965).[7] And, the Idaho Legislature provides the requisite funds for operating the transportation department. Idaho Code §§ 40-701, 702. Consequently, the Eleventh Amendment bars Plaintiffs' suit against the ITD. *See Leer*, 844 F.2d at 631 – 32; *Richardson v. Idaho Dep't of Health & Welfare*, No. 2:10-CV-00648-BLW, 2012 WL 667874, at *1 (D. Idaho Feb. 10, 2012) (holding that suit against the Idaho Department of Health & Welfare was barred by the Eleventh Amendment).

According to the above authorities, Eleventh Amendment immunity bars all of Plaintiffs' claims against the State of Idaho and the ITD. The state defendants' motion to dismiss will therefore be granted, as the State of Idaho and the ITD may not be sued in

---

[7] Plaintiffs misconstrue *Lochsa Falls LLC v. State*, 207 P.3d 963, 968 (Idaho 2009), which clearly held that the ITD was an executive department of the state government, and therefore met the definition of an agency for purposes of the Administrative Procedure Act.

federal court on Plaintiffs' federal claims or supplemental state law claims. *Milbouer*, 664 F.Supp. at 207. *See also Krainski v. Nevada*, 616 F.3d 963, 967 (9th Cir. 2010) ("The [E]leventh [A]mendment bars suits in federal court against the State or its agencies for all types of relief.").[8]

### 3. Madison County's Motion to Dismiss

Plaintiffs argue Madison County may be sued for violation of substantive and procedural due process under the Fifth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983, citing *Monell v. New York City Dept. of Social Servs.,* 436 US. 658, 690 (1978). Madison County argues that Plaintiffs' complaint does not adequately state a claim under either amendment, because Section 1983 is not itself a source of substantive rights; Plaintiffs' Fourteenth Amendment due process claims are subsumed within their Fifth Amendment due process claims; and the Fifth Amendment due process provisions do not apply to state entities.[9]

---

[8] During the status conference on July 8, 2019, the parties indicated that the state Defendants declined Plaintiffs' offer, made during counsels' meet and confer conferences, to waive sovereign immunity so that this lawsuit could remain in full in federal court.

[9] Counts two and three of the Complaint do not reference either the Fifth Amendment or the Fourteenth Amendment to the United States Constitution, mentioning only a violation of 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but rather a method for vindicating federal rights elsewhere conferred. *See Graham v. Connor*, 490 U.S. 386, 393–94 (1989). To state a claim under § 1983, a plaintiff must allege (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the violation was committed by a person acting under color of law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). In their response brief, Plaintiffs contends their Section 1983 claims for violation of substantive and procedural due process arise under both the Fifth Amendment and the Fourteenth Amendment to the United States Constitution.

**MEMORANDUM DECISION AND ORDER - 9**

The Takings Clause in the Fifth Amendment, made applicable to the states through the Fourteenth Amendment, *Chicago, B. & Q.R. Co. v. Chicago*, 166 U.S. 226, 239 (1897), *see also Dolan v. Tigard*, 512 U.S. 374, n. 5 (1994), requires that "private property [shall not] be taken for public use, without just compensation." The Fifth Amendment provides also that "[n]o person shall be ... deprived of ... property, without due process of law." *Id.*

Pursuant to *Knick*, a property owner may bring a Fifth Amendment takings claim in federal court under Section 1983 upon the taking of their property without just compensation by a local government without first bringing any sort of state proceedings or lawsuit. *Knick*, 139 S. Ct. 2162. Plaintiffs have therefore stated a claim against the County pursuant to the Fifth Amendment to the United States Constitution.

The Fourteenth Amendment is not cited as a basis for Plaintiffs' claims in counts two and three. *See Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979). (Section 1983 "is not itself a source of substantive rights," but merely provides "a method for vindicating federal rights elsewhere conferred."). Further, Plaintiffs have not set forth facts establishing that a governmental policy or unofficial custom inflicted the injury of which they complain. *Monell*, 436 U.S. at 690.[10] Additionally, the Takings Clause (and corresponding Due Process Clause) of the Fifth Amendment "provides an explicit textual source of constitutional protection" against "private takings", such that the Fifth

---

[10] To bring a Section 1983 claim against a municipality or local governmental entity, or against a private entity performing a state function, a plaintiff must allege that the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains. *Monell v. Dept. of Soc. Serv. of New York*, 436 U.S. 658, 694 (1978).

Amendment (as incorporated by the Fourteenth), "not the more generalized notion of 'substantive due process,' must be the guide" in reviewing Plaintiffs' takings claim. *Graham v. Connor*, 490 U.S. 386, 395 (1989). *See also Armendariz v. Penman*, 75 F.3d 1311, 1325-26 (9th Cir. 1996) (en banc) ("Substantive due process analysis has no place in contexts already addressed by explicit textual provisions of constitutional protection, regardless of whether the plaintiff's potential claims under those amendments have merit.").[11]

Accordingly, the Court finds Plaintiffs have failed to state a claim for violation of their substantive or procedural due process rights under the Fourteenth Amendment. However, counts two and three of the Complaint survive dismissal pursuant to *Knick* based upon the alleged violation of the Fifth Amendment. To the extent Plaintiffs asserted substantive and procedural due process claims under the Fourteenth Amendment to skirt the holding of *Williamson*, it is not clear they would need to do so given the holding in *Knick*. The claims for violation of Plaintiffs' due process rights appear to be entirely subsumed by the corresponding claims asserted under the Fifth Amendment, which claims may proceed against Madison County in this Court.

4. **State Law Claims**

Plaintiffs have set forth a takings claim and claims for violation of their due process rights arising under the Idaho State Constitution, as well as for breach of contract. Prior to the Supreme Court's decision in *Knick*, Plaintiffs conceded it would be

---

[11] *Armendariz* was overruled in part on other grounds as stated in *Crown Point Dev., Inc. v. City of Sun Valley*, 506 F.3d 851, 852–53 (9th Cir. 2007).

appropriate for the Court to decline to exercise supplemental jurisdiction over their claims arising under state law. However, given Plaintiffs have asserted a viable federal claim against the County under the Fifth Amendment to the United States Constitution, the Court has no basis to dismiss the state law breach of contract claim asserted against the County in count four, or the claims against the County arising under the Idaho Constitution as stated in counts one, two and three.

## CONCLUSION

For the reasons stated above, the Court will grant the State of Idaho's and the ITD's motion to dismiss the Complaint. The Eleventh Amendment bars Plaintiffs' claims against the state Defendants. The Court will deny Madison County's motion to dismiss in light of *Knick v. Twp. of Scott, Pennsylvania*, 139 S. Ct. 2162 (2019).

**ORDER**

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Defendants State of Idaho and the Idaho Transportation Department's Motion to Dismiss (Dkt. 17) is **GRANTED** without prejudice.

2) Defendant Madison County's Motion to Dismiss (Dkt. 18) is **DENIED**.

3) The Court will conduct a telephonic scheduling conference with the parties to discuss deadlines. A separate notice of hearing will be issued.

DATED: July 17, 2019

_____
Honorable Candy W. Dale
United States Magistrate Judge