UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BEAR CREST LIMITED LLC, an Idaho limited liability company; YELLOWSTONE BEAR WORLD INC., an Idaho corporation; VELVET RANCH LLC, an Idaho limited liability company; MICHAEL D. FERGUSON, an Idaho resident,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF IDAHO; IDAHO TRANSPORATION DEPARTMENT, a, department within the State of Idaho; MADISON COUNTY, a political subdivision of the State of Idaho,<br><br>Defendants. | Case No. 4:18-cv-00469-CWD<br><br>**ORDER** |

The Court has before it Plaintiffs' Motion to Strike Defendant Madison County's Request to Strike the Declaration of Michael Ferguson; a separate memorandum in support of the same; and Defendant Madison County's memorandum in opposition to the Motion to Strike Defendant's Request to Strike the Declaration of Michael Ferguson. (Dkt. 54, 55, 56.) In an effort to quell what appears to be the proliferation of briefing on

Defendant Madison County's motion for summary judgment and focus attention on the substantive issues, the Court will deny Plaintiffs' motion to strike for the reasons that follow.

Defendant Madison County filed a motion for summary judgment on December 10, 2019. (Dkt. 41.) The Court granted Plaintiffs' timely filed second request for extension of time, allowing Plaintiffs up through December 31, 2019, within which to file a response. (Dkt. 52.) Plaintiffs filed a response to the motion for summary judgment, a separate statement of disputed facts, and the Declaration of Michael Ferguson. (Dkt. 46, 47, 48.) In its reply memorandum, Defendant Madison County raised an evidentiary objection to Michael Ferguson's declaration. (Dkt. 50 at 10-11.) In response, Plaintiffs filed a motion to strike, arguing that the evidentiary objection was improper, and should be stricken, because a separate motion and brief was not filed. (Dkt. 54.)

Fed. R. Civ. P. 56(c)(2) provides that a party may object that material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. The 2010 Amendment to Fed. R. Civ. P. 56(c)(2) was meant to dispense with separate motions to strike, and the proliferation of additional memoranda the practice generates: "[t]he objection functions much as an objection at trial, adjusted for the pretrial setting…There is no need to make a separate motion to strike." Fed. R. Civ. P. 56(c)(2), 2010 Advisory Committee Note. Indeed, the Court has repeatedly admonished that motions to strike are generally "disfavored." 5C Charles Alan Wright and Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE, § 1380 (3d ed. 2012), *cited in Cryer v. Idaho Dep't of Labor*, 332 F. Supp. 3d 1260, 1279 (D. Idaho 2018).

**ORDER - 2**

The Court therefore declines to strike the declaration for the reason that Defendant Madison County did not file a separate motion to strike. Plaintiffs' motion to strike will be construed as a motion to submit a sur-reply, and the Court will consider Plaintiffs' substantive arguments responsive to Defendant's evidentiary objection in the context of the motion for summary judgment. *See St. Lukes Magic Valley Reg'l Med. Ctr. v. Luciani,* No. 1:08-CV-00030-EJL, 2013 WL 4545805, at *4 (D. Idaho Aug. 27, 2013) (construing motion to strike as a motion to file a sur-reply).

Upon review of the record, Defendant Madison County filed a response to the motion to strike, addressing the evidentiary arguments Plaintiffs raised. Accordingly, the motion for summary judgment and the corresponding evidentiary objection are fully briefed. No further briefing will be permitted.[1] Oral argument on the motion for summary judgment is set for February 26, 2020, at 9:30 a.m. in Pocatello.

The motion (Dkt. 54) is therefore **DENIED**.

DATED: February 4, 2020

Honorable Candy W. Dale
United States Magistrate Judge

---

[1] There is no need to file a reply memorandum.