UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BEAR CREST LIMITED LLC, an Idaho limited liability company; YELLOWSTONE BEAR WORLD INC., an Idaho corporation; VELVET RANCH LLC, an Idaho limited liability company; MICHAEL D. FERGUSON, an Idaho resident,<br><br>    Plaintiffs,<br><br>v.<br><br>STATE OF IDAHO; IDAHO TRANSPORATION DEPARTMENT, a department within the State of Idaho; MADISON COUNTY, a political subdivision of the State of Idaho,<br><br>    Defendants. | Case No. 4:18-cv-00469-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Pending before the Court is Defendant Madison County's motion for attorney fees. (Dkt. 63.) The motion is ripe for review, and will be decided on the record before the Court without a hearing. D. Idaho L. Rule 7.1(d)(1)(B). For the reasons explained below, the Court will deny Madison County's motion.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

The Court is familiar with the factual and procedural history of this case. To summarize, Plaintiffs Bear Crest Limited, LLC, Yellowstone Bear World, Inc., and Velvet Ranch, LLC (hereinafter "Bear World"), own certain real property near the intersection of U.S. Highway 20 and 4300 West in Madison County, Idaho, where they operate a tourist and entertainment attraction known as Yellowstone Bear World. Until 2016, visitors to Yellowstone Bear World accessed the property from U.S. Highway 20 via a connection (the "Intersection") at Madison County Road 4300 West ("Bear World Road"). The Intersection was constructed upon land formerly owned by the Gideons, who deeded the land to the State of Idaho in November of 1973 by warranty deed. The Gideon Deed reserved access to the Intersection to the grantors, and Bear World, as the successor in interest to the Gideons, now owns the property and all access rights and related easements.

In 2012, the Idaho Transportation Department made the decision to designate U.S. Highway 20 as a controlled-access road, which would cause the closure of the Intersection. Madison County was involved in discussions with ITD and Bear World regarding the closure of the Intersection. In 2016, ITD closed the Intersection and terminated access to Yellowstone Bear World at the Intersection. Madison County constructed a frontage road, at its own expense, from Highway 20 at Burton Loop Road directly to Bear World's property to ensure Bear World would still have access to its property.

Bear World filed its complaint on October 24, 2018, arising out of its desire for continued access to its property via the Intersection. (Dkt. 1). The complaint alleged the following claims against Defendants State of Idaho, Idaho Transportation Department, and Madison County: (1) inverse condemnation under Article I Section 14 of the Idaho Constitution and the Fifth Amendment to the United States Constitution; (2) violation of Plaintiffs' substantive due process rights pursuant to 42 U.S.C. § 1983 and Article I, Section 13 of the Idaho Constitution; (3) violation of Plaintiffs' procedural due process rights pursuant to 42 U.S.C. § 1983 and Article I, Section 13 of the Idaho Constitution; and (4) breach of contract based upon violation of the Gideon deed restriction.

Both the State Defendants and Madison County filed motions to dismiss on February 5, 2019, and February 7, 2019, respectively. The Court granted the State of Idaho and ITD's motion to dismiss without prejudice, finding that the Eleventh Amendment barred Plaintiffs' claims against them from proceeding in Federal Court. The Court denied Madison County's motion to dismiss, finding the allegations in the complaint satisfied the *Iqbal/Twombly* standard, and also that *Williamson Cnty. Regional Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985) no longer provided a basis for dismissal in light of *Knick v. Twp. of Scott, Pennsylvania*, 139 S. Ct. 2162 (2019).

On November 19, 2019, Madison County filed a motion for summary judgment. In its motion, the County argued that: (1) the first, second, and third claims for relief asserted against Madison County fail as a matter of law, because the County lacks the legal authority to regulate state highways, and therefore could not effect a taking; and (2)

**MEMORANDUM DECISION AND ORDER  - 3**

Madison County was not a signatory to the Gideon deed, and therefore the breach of contract claim failed as a matter of law.

With respect to the takings claim, Madison County argued that it could not, as a matter of law, effect a taking under either federal or state law because it lacks authority or control over the regulation and administration of state highways in Idaho. The Court agreed, finding that because only ITD was empowered, by statute, to make the decision to designate U.S. Highway 20 as a controlled-access road, and thereby eliminate access to Yellowstone Bear World via the Intersection, nothing that Madison County did could constitute a taking. The Court rejected Bear World's "joint takings" theory, finding that Madison County's cooperation would not change the Court's conclusion that the county could not be held responsible for what was ultimately ITD's decision to make. The Court granted summary judgment to Madison County with respect to Bear World's first, second, and third claims for relief.

Turning to the breach of contract claim, the Court found there was no dispute that the signatories to the Gideon Deed were the State of Idaho, by and through the Idaho Board of Highway Directors, and Bear World, as successor in interest to the Gideons. Because Madison County was not a party to the contract Bear World claimed was breached, it could not be held liable. The Court therefore granted summary judgment to Madison County on Bear World's fourth claim for relief.

Madison County now moves for attorney fees in the amount of $25,718.00 pursuant to Fed. R. Civ. P. 54(d), D. Idaho L. Rule 54.2, and 42 U.S.C. § 1988. In its memorandum, Madison County argues that it is entitled to attorney fees as the prevailing

**MEMORANDUM DECISION AND ORDER - 4**

party on the grounds that Bear World's claims were brought and pursued frivolously, unreasonably, and without foundation. Madison County's argument that Bear World's claims were frivolous is grounded upon the Court's finding that Idaho Code § 67-6528 specifically required ITD to consult with Madison County before making its decision, and thus any involvement by Madison County was statutorily mandated. Bear World opposes the motion, arguing its claims were reasonably asserted at the time the complaint was filed. Further, Bear World asserts Section 1988(b) does not allow for an award of fees for the breach of contract claim, which arose under state law.

## ANALYSIS

**1.    Legal Standard**

42 U.S. C. § 1988(b) provides: "In any action... to enforce a provision of section[]...1983..., the court, in its discretion, may allow the prevailing party...a reasonable attorney's fee as part of the costs...." 42 U.S.C. § 1988(b). The United States Supreme Court has clarified that attorney's fees may be awarded to a prevailing defendant in civil rights cases, including suits brought under Section 1983, only upon "a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). This rigorous standard applies to prevailing defendants—as contrasted with prevailing plaintiffs—because the "policy considerations which support the award of fees to a prevailing plaintiff are not present in the case of a prevailing defendant." *Id*. at 418–19, (internal quotation marks omitted); *see also id*. at 422 ("To take the further step of assessing attorney's fees against plaintiffs simply because they do not finally prevail would substantially add to the risks

**MEMORANDUM DECISION AND ORDER - 5**

inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement" of civil rights statutes such as section 1983).

A plaintiff's civil rights claim is "frivolous" under the *Christiansburg* test if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The prevailing defendant "bears the burden of establishing that the fees for which it is asking are in fact incurred solely by the need to defend against those frivolous claims." *Harris v. Maricopa Cnty. Super. Ct.*, 631 F.3d 963, 971 (9th Cir. 2011). The Court of Appeals for the Ninth Circuit has held that attorney's fees may be awarded against an unsuccessful Section 1983 plaintiff only "in exceptional circumstances." *Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir. 1990).

**2.      Disposition**

A civil rights claim under Section 1983 is not "frivolous" merely because the "plaintiff did not ultimately prevail." *EEOC v. Bruno's Rest.*, 13 F.3d 285, 287 (9th Cir. 1993) (quoting *Christiansburg*, 434 U.S. at 421–22). If the plaintiff "made plausible arguments as to why they should prevail[,] the fact that the arguments were not successful doesn't make them frivolous." *R.P. ex rel. C.P. v. Prescott Unified Sch. Dist.*, 631 F.3d 1117, 1126 (9th Cir. 2011). For example, even if the court grants summary judgment because no "reasonable jury could return a verdict in [the plaintiff's] favor," the court may still deny a prevailing defendant's claim for attorney's fees. *Brooks v. Cook*, 938 F.2d 1048, 1054–55 (9th Cir. 1991) ("We have denied defendants' attorneys' fees even in some cases that never reached the jury...." (collecting cases)). Further, if a plaintiff's claims "raised a question that was not answered clearly by [Ninth Circuit]

**MEMORANDUM DECISION AND ORDER  - 6**

precedent," then those claims were not frivolous. *Gibson v. Office of Att'y Gen., State of Cal.*, 561 F.3d 920, 929 (9th Cir. 2009); *see also Legal Servs. of N. Cal., Inc. v. Arnett*, 114 F.3d 135, 141 (9th Cir. 1997) (denying attorney's fees to a prevailing defendant in a civil rights case because the plaintiff "was launching a good faith effort to advance a novel theory" even though the "position was unsupported by existing precedent"). Applying the *Christiansburg* frivolousness standard, the Ninth Circuit has held that "[a] case may be deemed frivolous only when the result is obvious or the...arguments of error are wholly without merit." *Karam v. City of Burbank*, 352 F.3d 1188, 1195 (9th Cir. 2003) (internal citation and quotation marks omitted). Moreover, when there is little case law on point and a claim raises a novel question, the claim is much less likely to be considered frivolous. *Id*.

Applying the above standards, the Court finds Plaintiff's takings claim and the related due process claims were not "frivolous" or "unreasonable." Although Bear World ultimately lost, this does not mean the claims asserted were frivolous. There was some basis for Bear World's assertion that Madison County bore partial responsibility for the closure of the Intersection. For instance, Madison County not only participated in discussions with ITD and Bear World prior to the designation of Highway 20 as a controlled access road, Madison County also entered into a separate easement agreement with Bear World for the purpose of constructing a slip ramp to access Bear World's property, and later constructed a frontage road. Also important to the Court's determination were the declarations of Commissioner Weber and Wade Allen, the District Engineer for ITD, that Madison County submitted in support of its motion,

**MEMORANDUM DECISION AND ORDER - 7**

wherein they essentially disavowed abdication by ITD of its statutory decision-making authority. Nonetheless, it appeared that Bear World had a factual and legal basis for its constitutional claims at the outset of the litigation. *See Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1061 (9th Cir. 2006) (examining whether the plaintiff had a factual and legal basis for his claims at the outset of litigation).

The Court notes also that a review of Madison County's time keeping records indicates that, initially, the time spent on this matter was not devoted to the arguments in support of Madison County's motion for summary judgment. Rather, in the beginning, the parties were focused upon the impact of *Williamson*, and the change to longstanding precedent applicable to takings claims wrought by the decision in *Knick*. Madison County's gears did not shift until July 22, 2019, when the Court's order was published denying Madison County's motion to dismiss in light of *Knick*.[1] The fees incurred prior to July 22, 2019, would have been incurred in any event. *See Fox v. Vice*, 563 U.S. 826, 839 (2011) (holding that a successful defendant may recover the reasonable attorney's fees he expended solely because of the frivolous allegations). Madison County has not met its burden to establish that the fees for which it is asking were in fact incurred solely by virtue of the need to defend against wholly frivolous claims.

Last, there is no basis under Section 1988(b) to award fees attributable to Bear World's claim for breach of contract, which arose under state law. *See Harris v. Maricopa Cty. Superior Court*, 631 F.3d 963, 976 n.6 (9th Cir. 2011). Nor does it appear

---

[1] From Madison County's records, it appears 37.8 hours were spent prior to July 22, 2019, while 129.2 hours were expended after that date.

**MEMORANDUM DECISION AND ORDER - 8**

from Madison County's time records that any significant amount of time was attributable to defense against this claim.[2]

## CONCLUSION

For the reasons set forth above, the Court cannot find that this is the exceptional case that requires an award of attorney fees for this prevailing defendant.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1)  Defendant's Motion for Attorney Fees (Dkt. 63) is **DENIED**.

DATED: April 29, 2020

_____
Honorable Candy W. Dale
United States Magistrate Judge

---

[2] The Court found one time entry dated November 4, 2019, designating 2.5 hours spent "preparing breach of contract section of memorandum in support of summary judgment." (Dkt 63-2 at 8.)

**MEMORANDUM DECISION AND ORDER - 9**